STATE, WILLIAM A. JACKSON, PROSECUTOR, v. CITY OF CAMDEN.

In a prosecution for the sale of liquor without license, the prosecutor need not prove the want of license.   If the defendant relies on a license in defence, he must produce it.

On *certiorari*.

Argued at November Term, 1885, before Justices VAN SYCKEL and DIXON.

For the plaintiff, *Alfred Hugg*.

The opinion of the court was delivered by

VAN SYCKEL, J.   The first count of the complaint certified charges the prosecutor with selling spirituous, vinous and malt liquors, on the 8th of April, 1885, by less measure than one quart, to James E. Pancoast, without license first had, as required by the ordinances of the city of Camden.

The second count charges the prosecutor with like unlawful sale to a certain person whose name is unknown, on the 9th of April.

The prosecutor, who was the defendant below, was convicted and condemned to pay a fine of $50 and costs. This judgment he now seeks to reverse.

His contention that there was no proof to support the judgment below is well founded as to the first charge, but the evidence was ample to justify a conviction for selling to a person unknown.

A complaint that the sale was to a person unknown is sufficient, and will sustain a conviction. *Roberson* v. *Lambertville*, 9 *Vroom* 69.

The judgment was properly rendered for the penalty prescribed by the ordinance for a single offence.

The prosecutor is also without the support of law in his claim that the burden was on the city to prove affirmatively that he was unlicensed.

The averment in the complaint is a negative one, which, if not true, the defendant has in his own possession the evidence to disprove. *Bishop on Statutory Crimes*, § 1051, *and notes.*

The reasons given by Mr. Bishop for the adoption of this rule are satisfactory in my judgment, and the doctrine is supported by the weight of authority. The cases are cited in the notes to section 1052.

The judgment should be affirmed, with costs.